IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31315
Conference Calendar
_____

JAMES RICHARD WEEMS,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-996
- - - - - - - - - -
August 18, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

    James Richard Weems (#120628) pleaded guilty to the charge
of first-degree murder and is serving a life sentence without
benefit of parole, probation, or suspension of sentence at the
Louisiana State Penitentiary.  Weems has appealed the dismissal
of his federal application for a writ of habeas corpus.

    Weems contends that his right to due process was violated
because the indictment was not signed by the foreman of the grand
jury, contrary to state law.  The sufficiency of a state
indictment is not a matter for federal habeas relief unless it

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

can be shown that the indictment is so defective that it deprived the state court of jurisdiction.  Branch v. Estelle, 631 F.2d 1229, 1233 (5th Cir. 1980).  If the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue.  McKay v. Collins, 12 F.3d 66, 68 (5th Cir. 1994).  The state habeas court found that the grand jury foreman had, in fact, signed the original indictment.  This finding was affirmed by the court of appeal.  The rejection of the defective-indictment issue by the state courts was not based upon an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings.  See 28 U.S.C. § 2254(d)(2).

Weems contends that his attorneys erred in failing to challenge the indictment.  Weems cannot show that he was prejudiced by his attorneys' failure to challenge the indictment. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Weems also contends that his attorneys rendered ineffective assistance in advising him to plead guilty.  Because a certificate of appealability was not granted as to this issue, it is not considered.  See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

AFFIRMED.